UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CREST SENSITIVITY TREATMENT &
PROTECTION TOOTHPASTE MARKETING AND
SALES PRACTICES LITIGATION                                  MDL No. 2348

ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in an action pending in the Southern District of Ohio move to centralize this litigation in that district. The motion encompasses three actions – movants' action, one action pending in the Northern District of California and one action pending in the District of New Jersey, as listed on Schedule A.

Although all responding parties support centralization, there is disagreement as to the choice of an appropriate transferee district. Plaintiff in the action pending in the Northern District of California supports centralization in her district, while plaintiff in the action pending in the District of New Jersey favors centralization in his district. Common defendant Procter & Gamble Company (P&G) supports centralization in the Southern District of Ohio.

On the basis of the papers filed and hearing session held, we will deny the motion for centralization. Although the three actions share some factual issues regarding whether P&G deceptively marketed its Crest Sensitivity Treatment and Protection toothpaste,[1] we are unconvinced, on the record before us, that those issues are sufficiently complex to warrant the creation of an MDL. Given that apparent lack of complexity, the small number of involved actions,[2] and the correspondingly limited number of involved counsel, we conclude that centralization would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the actions. In these circumstances, informal cooperation among counsel and coordination among the involved courts are, in our judgment, preferable to formal centralization. Various mechanisms are available to minimize or eliminate the possibility of duplicative discovery even without an MDL. Notices of deposition can be filed in all related actions; the parties can stipulate that any discovery relevant to more than one action can be used in all those actions; or the involved courts may direct the parties to coordinate their pretrial activities. *See In re Eli Lilly & Co.*

---

[*] Judge John G. Heyburn II and Judge Kathryn H. Vratil took no part in the decision of this matter.

[1] Plaintiffs allege that P&G made unsubstantiated claims that the product was "new" and that it provided rapid relief from tooth sensitivity.

[2] The Panel has not been informed of any potential tag-along actions, and the subject toothpaste was on the market for a period of less than a year.

- 2 -

*(Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978).  Alternatively, the courts in two of these three actions could opt to stay them pending the outcome of the third.  *See id*.

      IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
W. Royal Furgeson, Jr.
Acting Chairman

Barbara S. Jones        Paul J. Barbadoro
Marjorie O. Rendell     Charles R. Breyer

IN RE: CREST SENSITIVITY TREATMENT &
PROTECTION TOOTHPASTE MARKETING AND
SALES PRACTICES LITIGATION                                             MDL No. 2348

## SCHEDULE A

<u>Northern District of California</u>

Cherish M. Smith v. Procter & Gamble Company, C.A. No. 3:12-00557

<u>District of New Jersey</u>

Edward Rossi v. Procter & Gamble Company, C.A. No. 2:11-07238

<u>Southern District of Ohio</u>

Joe Gilbert, et al. v. Procter & Gamble Company, C.A. No. 1:12-00040